UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BOBBY MITCHELL** | **CIVIL ACTION NO. 18-0438** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **CALDWELL PARISH DETENTION CENTER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Bobby Mitchell is incarcerated at Bossier Medium Correctional Center and is proceeding pro se and in forma pauperis. He filed the instant Complaint on March 29, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Caldwell Parish Detention Center, Officer Baker, Officer Turner, Officer Gasket, Nurse Thearese, Dr. Wyatt, Warden Craine, Warden Wyatt, Mrs. Conley, and Sheriff Clay Bennett.[1] For the following reasons, it is recommended that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

## Background

Plaintiff alleges that a spider bit him on his arm on January 27, 2018, causing him head aches, a swollen arm, an open wound, nausea, blurred vision, panic, hot flashes, and severe fever. He claims that the bite exposed him to a risk of infection. He reported the incident the same day, but Defendants Baker, Turner, Gasket, and Thearese "denied hospital evacuation." Defendants' alleged delay caused him to suffer additional pain.

While Plaintiff faults Defendants for failing to call an ambulance or otherwise transport

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

him to a hospital, he nevertheless states that he received care on the day the spider bit him and on the days that followed. On January 27, 2018, the day of the incident, Defendant Gasket gave Plaintiff ibuprofen, cleaned his wound with peroxide, applied antibiotic ointment, and bandaged his arm. [doc. # 9-1, p. 16]. Dr. Wyatt also evaluated and treated Plaintiff's wound on January 27, 2018. *Id.* at 17. Dr. Wyatt cleaned the wound with peroxide, applied antibiotic ointment, bandaged the wound throughout the day, and gave Plaintiff Tylenol. *Id.* Dr. Wyatt recommended that Plaintiff squeeze the wound to extract toxins and prevent infection. *Id.*

On January 28, 2018, Nurse Thearese treated Plaintiff. She checked his temperature, ordered antibiotics, cleaned his wound, and applied ointment. *Id.* at 19. Plaintiff, however, claims that she should have checked his vital signs and authorized transportation to a hospital. *Id.* at 19-20.

On January 29, 2018, an officer escorted Plaintiff to the "nurse station," where Dr. Wyatt again treated Plaintiff's open wound. [doc. #s 9, p. 4; 9-1, p. 2]. He removed scar tissue, cleaned the wound, and changed Plaintiff's bandage. [doc. # 9-1, p. 2]. Plaintiff also received medication. *Id.*

On January 30, 2018, ostensibly at the behest of Officer Mitchell and Captain Farris (two non-party officials), Plaintiff obtained treatment at a hospital and received five different medications. [doc. # 9, p. 3].

From January 31, 2018, through February 9, 2018, Plaintiff received various medications. [doc. # 9-1, pp. 2, 30].

Plaintiff seeks $5,000,000 for his alleged injuries.

## Law and Analysis
### 1. Preliminary Screening

Plaintiff is an inmate who has been permitted to proceed in forma pauperis. As an inmate seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Medical Care**

Plaintiff alleges that he was "denied hospital evacuation." A plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); see *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly,

or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); see *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff fails plausibly to allege that Defendants were deliberately indifferent to a substantial risk of serious medical harm. As above, Plaintiff received treatment the day of the incident, January 27, 2018. [doc. # 9-1, p. 16-17]. He received further treatment the following three days. [doc. #s 9, pp. 3-4; 9-1, pp. 2, 19]. Plaintiff also received medications for his wound from January 31, 2018, through February 9, 2018. [doc. # 9-1, pp. 2, 30]. Moreover, he received his treatment from professionals at a hospital, a facility nurse, and a facility physician.

Plaintiff simply disagrees with the treating health care professionals' decisions. While he contends that Defendants should have transported him to a hospital, his disagreement or

dissatisfaction with the health care professionals' decisions falls far short of establishing deliberate indifference and does not, consequently, state a plausible claim under the Eighth Amendment.[3] See *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997) (citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977)); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).[4] Plaintiff's Complaint should, therefore, be dismissed with prejudice for failing to state a claim on which relief can be granted.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Bobby Mitchell's Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[3] Throughout his pleadings, Plaintiff alleges that Defendants were negligent. For example, he seeks monetary relief for Defendants' "negligence." [doc. # 1, p. 4]. To reiterate, however, "acts of negligence do not constitute deliberate indifference . . . ." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016).

[4] See also *Frazier*, 707 F. App'x at 824 (finding no deliberate indifference where medical staff responded to the plaintiff's complaints and provided consistent care and medication, even though the plaintiff disagreed with the extent and form of treatment); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992) (finding that an inmate received adequate care, even though the treatment may not have been the best, and that any deficiencies in treatment were minimal; moreover, the plaintiff's continuing pain, in and of itself, did not demonstrate that a constitutional violation occurred).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 6th day of June, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE